UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID H. DEAN,<br>　　　Plaintiff,<br>v.<br>LOWE'S HOME CENTERS, INC.,<br>　　　Defendant. | CA No. _____<br><br>MAGISTRATE JUDGE Cohen |

RECEIPT # _____
AMOUNT $ 60
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 12/13/04

**PETITION FOR REMOVAL**

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Lowe's Home Centers, Inc. ("Defendant"), through its undersigned counsel and pursuant to 28 U.S.C. § 1441, hereby notices the removal of the above-captioned matter from the Essex Superior Court, to the United States District Court for the District of Massachusetts. In support of removal, Defendant states as follows:

1.   The above-captioned matter was filed in the Essex Superior Court on or about September 20, 2004. Copies of the Summons, Civil Action Cover Sheet and Complaint are attached to this Petition as <u>Exhibit A</u> and constitute all processes, pleadings and orders served upon Defendant in this action to the present date.

2.   Defendant was served with the Complaint and Summons on or about November 11, 2004.

3.   This Petition for Removal is being filed within thirty (30) days after receipt by Defendant of a copy of the Complaint and Summons by service and is timely filed under 28 U.S.C. §1446(b).

4.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. Plaintiff is a citizen of the Commonwealth of Massachusetts. He is an individual and a resident of the Commonwealth of Massachusetts. (See Exhibit A (Summons)).

8. Since before the time it was served with the Complaint in the Civil Action, Defendant has not been a citizen of the Commonwealth of Massachusetts. Defendant was then and is now a corporation existing under the laws of the State of North Carolina. Defendant's principal place of business was then and is now in the State of North Carolina. Its main office for all of its business was then and is now located in North Wilkesboro, North Carolina. (See Exhibit A (Complaint)).

9. Plaintiff seeks to recover a sum of at least $75,000. Plaintiff seeks $52,000 in lost wages and compensation to date, $26,000 in anticipated lost wages, and $25,000 in emotional distress damages. (See Exhibit A (Civil Action Cover Sheet)). Additionally, under M.G.L. c. 151B, §9, Plaintiff is statutorily entitled to attorneys' fees should he prevail. Accordingly, this Court has jurisdiction over the state court action by virtue of the parties' diversity of citizenship. See 28 U.S.C. § 1332(a).

10. Pursuant to Local Rules 3.1 and 4.5 of this Court, a civil cover sheet, civil category sheet and filing fee of $150.00 are enclosed with this Petition for Removal.

11. A copy of this Petition for Removal and a Notice of Removal have been served on the Plaintiff on this day by first class mail, and have been served by hand on the Essex Superior Court, pursuant to 28 U.S.C. §1446(d).

12. Pursuant to 28 U.S.C. § 1446(a), Defendant will file certified or attested copies of all records and proceedings in the state court action and certified or attested copies of all docket entries therein, including a copy of this Petition for Removal, with this Court within thirty (30) days after filing of this Petition.

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the District of Massachusetts.

>Respectfully submitted,
>
>LOWE'S HOME CENTERS, INC.
>
>By their attorneys,
>
>_____
>David C. Casey (BBO # 77260)
>Amy L. Nash (BBO # 647304)
>LITTLER MENDELSON, P.C.
>One International Place
>Suite 2700
>Boston, MA 02110
>(617) 378-6000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the plaintiff by mail on this 13th day of December 2004.

>_____
>Amy L. Nash

Boston:5273.1 028756.1376

| CIVIL ACTION COVER SHEET | | Superior Court Department County: Essex |
|---|---|---|
| PLAINTIFF(S) David H. Dean | | DEFENDANT(S) Lowe's Home Centers Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 781-289-7900 Christopher S. O'Connor Rainer, Walsh & O'Connor, LLP 60 VFW Parkway, Revere, MA 02151 Board of Bar Overseers number: 567646 | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231.s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrim. | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $..........
2. Total Doctor expenses .................................................. $..........
3. Total chiropractic expenses .............................................. $..........
4. Total physical therapy expenses .......................................... $..........
5. Total other expenses (describe) .......................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ............................. $ 52,000.00
C. Documented property damages to date ...................................... $..........
D. Reasonably anticipated future medical and hospital expenses ................. $..........
E. Reasonably anticipated lost wages ......................................... $ 26,000.00
F. Other documented items of damages (describe) emotional distress
   $ 25,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was discriminated against due to his race and color. Plaintiff was then retaliated against by other employees and management for reporting the discrimination.
$ 103,000.00
TOTAL $ 103,000.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _[signature]_ DATE: 9/20/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

11-22-04    04:25pm    From-Littler Mendelson Chgo    3123727880    T-921    P.004/011    F-964

# Rainer, Walsh & O'Connor, LLP
## Attorneys at Law

60 Veterans of Foreign Wars Parkway
Revere, Massachusetts 02151

Telephone (781) 289-7900
Facsimile (781) 485-0624
Toll Free (800) 451-2220

www.rainerlaw.com

Robert K. Rainer
Thomas P. Walsh
Christopher S. O'Connor
Daniel C. Federico
Edwin W. Harrett, III
Jeremy Thoermann
Ryan Matthews
Michael Antonicllo, MD
Ronald H. Rainer (retired)

November 11, 2004

Lowe's Home Centers, Inc.
1605 Curtis Bridge Road
Wilkesboro, N.C. 28659

Re: **David Dean v. Lowes Home Centers, Inc.**
     **Essex Superior Court, Civil Action No: 04-1775**

Dear Sir/Madam:

Pursuant to the Massachusetts Long Arm Statute, M.G.L. 223A(6) please find the following:

- Summons; and

- Complaint and Jury Claim.

Thank you for your time and attention to this matter.

Very Truly Yours,

Daniel C. Federico

DCF/kdd
Enclosure

Certified Mail
Return Receipt Requested Article No: 7004 1160 0002 5067 9318

(704) 757-0606 >> 3123727880
NOV-22-2004 05:27PM    FAX:3123727880    ID:LITTLER MENDELSON    PAGE:004    R=95%

TO PLAINTIFF'S ATTORNEY Please Circle Type of Action Involved: — TORT — MOTOR VEHICLE TORT —
CONTRACT — EQUITABLE RELIEF — OTHER

# COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 04-1775

ESSEX, ss.

........David H. Dean........................................................................, Plaintiff(s)

v.

........Lowe's Home Centers, Inc.........................................................., Defendant(s)

## SUMMONS

To the above named Defendant: Lowe's Home Centers, Inc., 1605 Curtis Road, Wilkesboro, N.C. 28659

You are hereby summoned and required to serve upon __Daniel C. Federico, Esq.__
plaintiff's attorney, whose address is __60 VFW Parkway, Revere, MA 02151__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at __Essex Superior Court__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of  11/11  , in the year of our Lord two thousand  04

*Thomas H. Driscoll*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____11/11_____, 20 04. I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

Pursuant to Long Arm Statute, M.G.L. 223A (6)

Dated: _____, 20 __

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

[ _____, 20 __ ]

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, ss.

Plaintiff(s)
v.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04 1715

DAVID H. DEAN, )
    Plaintiff, )
)
v. )
)
LOWE'S HOME CENTERS, INC., )
    Defendant. )

## COMPLAINT AND JURY CLAIM

1. Plaintiff, David H. Dean is a resident of the Commonwealth of Massachusetts, residing at 36 Sagamore Street, Lynn, Essex County.

2. Defendant, Lowe's Home Centers, Inc., is a corporation organized under the laws of the State of North Carolina with its principal place of business at 1605 Curtis Bridge Road; Wilkesboro, North Carolina 28659 and is registered to conduct business in the Commonwealth of Massachusetts with a resident agent located at 153 Andover Street; Danvers, Massachusetts 01923

## FACTS

3. Plaintiff was employed by Lowe's Home Centers, Inc. at its Danvers, Massachusetts location from December 2000 to October 2002 as a Return to Manufacturer Clerk.

4. While employed by Lowe's Home Centers, Inc. Plaintiff was the only African-American in the Return to Manufacturer Department.

5. On or about November 8, 2001, while on duty at Lowe's Home Centers in Danvers, Massachusetts, Plaintiff found a hangman's noose on his desk upon returning to his office.

6. On or about November 8, 2001 the Plaintiff immediately notified his manager, Ken Golden of the incident.

7. On or about November 8, 2001 Plaintiff's manager, Ken Golden questioned several employees about the incident, one of whom admitted to placing the noose on Plaintiff's desk.

8. On or about November 8, 2001 upon accepting responsibility for the incident, the employee who put the noose in the Plaintiff's office gave two weeks notice of leaving his employment with the Defendant, Lowes Home Center in Danvers, Massachusetts.

9. After the incident on or about November 8, 2001, at Lowes Home Center the Plaintiff continued working in the Return to Manufacturer Department.

10. Following the incident on or about November 8, 2001, Plaintiff would arrive in the morning to find that his office had been used during the night. Plaintiff's office was supposed to remain locked until morning. Plaintiff would often find trash on the floor and on his desk when he would return to work the following day.

11. Following the incident on or about November 8, 2001, Plaintiff would find all of the returns from the night before placed in front of his office. Plaintiff would often have to climb over sinks, bathtubs, refrigerators, furnaces, boxes of tile and other large products to reach his office door.

12. On or about April 2002 Plaintiff was informed that he would be transferred to the Lawn and Garden Department and another employee would be filling his position in the Return to Manufacturer Department.

13. Plaintiff had no training for his new position and would receive a completely different schedule.

14. Plaintiff was not allowed to clean out his office.

15. On or about October 2002, Plaintiff left his employment with the Defendant.

16. Pursuant to Massachusetts General Laws, Chapter 151B, Section 9, Plaintiff has withdrawn his complaint filed with the Massachusetts Commission of Discrimination, allowing for this private action to be filed.

17. At all times relevant to this Complaint, Plaintiff was an employee as defined by Massachusetts General Laws, Chapter 151 B.

18. At all time relevant to this Complaint, Lowe's Home Centers, Inc., was an employer as defined

-2-

by Massachusetts General Laws, Chapter 151B.

## COUNT I
## VIOLATION OF M.G.L. c. 151B Section 9 v. LOWE'S HOME CENTERS, INC.

19. Plaintiff restates, realleges and incorporates by reference paragraphs 1-18 as stated herein.

20. Plaintiff is a member of a protected class.

21. Plaintiff was discriminated against by employees of the Defendant, Lowe's Home Centers, Inc.

22. On or about November 8, 2001, while on duty at Lowe's Home Centers in Danvers, Massachusetts, Plaintiff found a hangman's noose on his desk upon returning to his office.

23. Following the incident on or about November 8, 2001, Plaintiff would arrive in the morning to find that his office had been used during the night. Plaintiff's office was supposed to remain locked until morning. Plaintiff would often find trash on the floor and on his desk when he would return to work the following day.

24. Following the incident on or about November 8, 2001, Plaintiff would find all of the returns from the night before placed in front of his office. Plaintiff would often have to climb over sinks, bathtubs, refrigerators, furnaces, boxes of tile and other large products to reach his office door.

25. Plaintiff was discriminated against because of his membership in a protected class in violation of Massachusetts General Laws, Chapter 151B, section 1.

26. One employee placed a noose on Plaintiff's desk to reference the hanging of black slaves.

27. Plaintiff was discriminated against because of his membership in a protected class by other employees of Lowes Home Center in Danvers, Massachusetts.

28. Plaintiff was discriminated against because of his membership in a protected class by the Management of Lowes Home Center in Danvers, Massachusetts.

29. Plaintiff has experienced emotional distress and associated symptoms as a result of the discrimination he experienced while employed by Lowe's Home Centers, Inc.

-3-

## COUNT II

## RETALIATION under M.G.L. c. 151B, section 9 v. LOWE'S HOME CENTERS, INC.

30. Plaintiff restates, realleges and incorporates by reference paragraphs 1-28 as stated herein.

31. Plaintiff reported an incident of racial discrimination to his manager on or about November 8, 2001.

32. As a result, Defendant demoted Plaintiff from his position in the Return to Manufacturer Department to one in the Lawn and Garden Department because of said complaint in violation of Massachusetts General Laws, Chapter 151B, section 9.

33. As a result, Plaintiff has experienced emotional distress and associated symptoms as a result of the discrimination he experienced while employed by Lowe's Home Centers, Inc.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNTS

Respectfully Submitted,
By Plaintiff's Counsel,

Christopher S. O'Connor
B.B.O. No.: 567646
RAINER, WALSH & O'CONNOR, LLP
60 V.F.W. Parkway
Revere, Massachusetts 02151
781-289-7900

-4-

