UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID H. DEAN,
       Plaintiff,
v.                                          CA No. 1:04-cv-12605-MEL

LOWE'S HOME CENTERS, INC.,
       Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

Lowe's Home Centers, Inc. (the "Defendant") hereby answers Plaintiff's Complaint in accordance with its numbered paragraphs as follows.

1. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant admits that it is a corporation organized under the laws of the State of North Carolina with its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, NC, 28659, and that it is registered to do business in Massachusetts. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff was employed by Defendant at its Danvers, Massachusetts location from December 2000 to October 2002 and denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies them.

6. Defendant admits that, on or about November 8, 2001, Plaintiff notified Ken Godin that he had found a piece of rope tied in a noose on Plaintiff's desk at the store and denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits that, on or about November 8, 2001, Ken Godin questioned Lowe's employees after Plaintiff reported that he had found a piece of rope tied in a noose on his desk at the store, and that one of Plaintiff's co-workers admitted to leaving the rope on the desk. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits that, on or about November 8, 2001, after an employee admitted to leaving the rope on Plaintiff's desk at the store, the employee gave two weeks notice and resigned from his employment with Defendant. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff worked in the Return to Manufacturer Department in the Defendant's Danvers, Massachusetts store until approximately April 2002 and denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 10 of the Complaint, and therefore denies them. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. Defendant admits that in or about April 2002, Defendant assigned Plaintiff to another position in the Danvers, Massachusetts store at the same rate of pay and denies the remaining allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that on or about October 2002, Plaintiff voluntarily left his employment with Defendant, and denies the remaining allegations in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 advance conclusions of law to which no response is required.

17. The allegations contained in Paragraph 17 advance conclusions of law to which no response is required.

18. The allegations contained in Paragraph 18 advance conclusions of law to which no response is required.

## COUNT I

## VIOLATION OF M.G.L. c. 151B, Section 9 v. LOWE'S HOME CENTERS, INC.

19. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. The allegations contained in Paragraph 20 of the Complaint advance conclusions of law to which no response is required.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 23 of the Complaint and therefore denies them. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore denies them.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT II

### RETALIATION under M.G.L. c. 151B, Section 9 v. LOWE'S HOME ENTERS, INC.

30. Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.  Defendant denies the allegations contained in Paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to exercise reasonable diligence in mitigating his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exercise reasonable diligence to avoid harm.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions Defendant took with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory and/or non-retaliatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges he was harassed or subjected to a hostile work environment because of his race, any and all actions Defendant or its employees took with respect to Plaintiff's employment were neither sufficiently severe nor pervasive to rise to the level of actionable harassment, and did not affect the terms and conditions of Plaintiff's employment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of race discrimination fails as a matter of law because plaintiff did not suffer a legally cognizable adverse employment action.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations in the Complaint, Defendant had an effective policy for the prevention and correction of unlawful discriminatory practices. Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with the allegations of unlawful discrimination asserted herein.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its answer and defenses, and to add additional defenses or delete or withdraw existing defenses, as may become appropriate after reasonable opportunity for discovery on the allegations contained in Plaintiff's Complaint.

WHEREFORE, Defendant respectfully asks the Court to dismiss the Complaint with prejudice and to award Defendant's attorneys' fees and costs and such other relief as the Court deems just and proper.

LOWE'S HOME CENTERS, INC.

By their attorneys,

_____
David C. Casey (BBO # 77260)
Amy L. Nash (BBO # 647304)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000

Dated: December 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the plaintiff by mail on this 17th day of December

_____
Amy L. Nash