

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO.** _____

| | |
|---|---|
| ———————————————— ) | |
| **DAVID H. DEAN,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **LOWE'S HOME CENTERS, INC.,** ) | |
| **Defendant.** ) | |
| ———————————————— ) | |

## COMPLAINT AND JURY CLAIM

1. Plaintiff, David H. Dean is a resident of the Commonwealth of Massachusetts, residing at 36 Sagamore Street, Lynn, Essex County.

2. Defendant, Lowe's Home Centers, Inc., is a corporation organized under the laws of the State of North Carolina with its principal place of business at 1605 Curtis Bridge Road; Wilkesboro, North Carolina 28659 and is registered to conduct business in the Commonwealth of Massachusetts with a resident agent located at 153 Andover Street; Danvers, Massachusetts 01923

## FACTS

3. Plaintiff was employed by Lowe's Home Centers, Inc. at its Danvers, Massachusetts location from December 2000 to October 2002 as a Return to Manufacturer Clerk.

4. While employed by Lowe's Home Centers, Inc. Plaintiff was the only African-American in the Return to Manufacturer Department.

5. On or about November 8, 2001, while on duty at Lowe's Home Centers in Danvers, Massachusetts, Plaintiff found a hangman's noose on his desk upon returning to his office.

6. On or about November 8, 2001 the Plaintiff immediately notified his manager, Ken Golden of

7. On or about November 8, 2001 Plaintiff's manager, Ken Golden questioned several employees about the incident, one of whom admitted to placing the noose on Plaintiff's desk.

8. On or about November 8, 2001 upon accepting responsibility for the incident, the employee who put the noose in the Plaintiff's office gave two weeks notice of leaving his employment with the Defendant, Lowes Home Center in Danvers, Massachusetts.

9. After the incident on or about November 8, 2001, at Lowes Home Center the Plaintiff continued working in the Return to Manufacturer Department.

10. Following the incident on or about November 8, 2001, Plaintiff would arrive in the morning to find that his office had been used during the night. Plaintiff's office was supposed to remain locked until morning. Plaintiff would often find trash on the floor and on his desk when he would return to work the following day.

11. Following the incident on or about November 8, 2001, Plaintiff would find all of the returns from the night before placed in front of his office. Plaintiff would often have to climb over sinks, bathtubs, refrigerators, furnaces, boxes of tile and other large products to reach his office door.

12. On or about April 2002 Plaintiff was informed that he would be transferred to the Lawn and Garden Department and another employee would be filling his position in the Return to Manufacturer Department.

13. Plaintiff had no training for his new position and would receive a completely different schedule.

14. Plaintiff was not allowed to clean out his office.

15. On or about October 2002, Plaintiff left his employment with the Defendant.

16. Pursuant to Massachusetts General Laws, Chapter 151B, Section 9, Plaintiff has withdrawn his complaint filed with the Massachusetts Commission of Discrimination, allowing for this private action to be filed.

17. At all times relevant to this Complaint, Plaintiff was an employee as defined by Massachusetts General Laws, Chapter 151 B.

18. At all time relevant to this Complaint, Lowe's Home Centers, Inc., was an employer as defined

by Massachusetts General Laws, Chapter 151 B.

## COUNT I
## VIOLATION OF M.G.L., c. 151B Section 9  v. LOWE'S HOME CENTERS, INC.

19. Plaintiff restates, realleges and incorporates by reference paragraphs 1-18 as stated herein.

20. Plaintiff is a member of a protected class.

21. Plaintiff was discriminated against by employees of the Defendant, Lowe's Home Centers, Inc.

22. On or about November 8, 2001, while on duty at Lowe's Home Centers in Danvers, Massachusetts, Plaintiff found a hangman's noose on his desk upon returning to his office.

23. Following the incident on or about November 8, 2001, Plaintiff would arrive in the morning to find that his office had been used during the night.  Plaintiff's office was supposed to remain locked until morning. Plaintiff would often find trash on the floor and on his desk when he would return to work the following day.

24. Following the incident on or about November 8, 2001, Plaintiff would find all of the returns from the night before placed in front of his office.  Plaintiff would often have to climb over sinks, bathtubs, refrigerators, furnaces, boxes of tile and other large products to reach his office door.

25. Plaintiff was discriminated against because of his membership in a protected class in violation of Massachusetts General Laws, Chapter 151B, section 1.

26. One employee placed a noose on Plaintiff's desk to reference the hanging of black slaves.

27. Plaintiff was discriminated against because of his membership in a protected class by other employees of Lowes Home Center in Danvers, Massachusetts.

28. Plaintiff was discriminated against because of his membership in a protected class by the Management of Lowes Home Center in Danvers, Massachusetts.

29. Plaintiff has experienced emotional distress and associated symptoms as a result of the discrimination he experienced while employed by Lowe's Home Centers, Inc.

## COUNT II
## RETALIATION under M.G.L. c. 151B, section 9 v. LOWE'S HOME CENTERS, INC.

30. Plaintiff restates, realleges and incorporates by reference paragraphs 1-28 as stated herein.

31. Plaintiff reported an incident of racial discrimination to his manager on or about November 8, 2001.

32. As a result, Defendant demoted Plaintiff from his position in the Return to Manufacturer Department to one in the Lawn and Garden Department because of said complaint in violation of Massachusetts General Laws, Chapter 151B, section 9.

33. As a result, Plaintiff has experienced emotional distress and associated symptoms as a result of the discrimination he experienced while employed by Lowe's Home Centers, Inc.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON COUNTS

Respectfully Submitted,
By Plaintiff's Counsel,


Christopher S. O'Connor
B.B.O. No.: 567646
RAINER, WALSH & O'CONNOR, LLP
60 V.F.W. Parkway
Revere, Massachusetts 02151
781-289-7900

-4-

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S) David H. Dean | DEFENDANT(S) Lowe's Home Centers Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Christopher S. O'Connor Rainer, Walsh & O'Connor, LLP 60 VFW Parkway, Revere, MA 02151 Board of Bar Overseers number: 567646   781-289-7900 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrim. | ( F ) | ( x ) Yes      ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . $ 52,000.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 26,000.00
F. Other documented items of damages (describe)  emotional distress
   $ 25,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was discriminated against due to his race and color. Plaintiff was then retaliated against by other employees and management for reporting the discrimination.

$ 103,000.00
TOTAL $ 103,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY, ATTEST

*[signature]*
DEPUTY ASS'T. CLERK

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record *[signature]*      DATE: 9/20/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-01775-D**

RE:  **Dean v Lowe's Home Centers, Inc**

TO: Christopher S O'Connor, Esquire
Rainer Walsh & O'Connor
60 VFW Parkway
Revere, MA 02151

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 12/26/2004 |
| Response to the complaint filed (also see MRCP 12) | 02/24/2005 |
| All motions under MRCP 12, 19, and 20 filed | 02/24/2005 |
| All motions under MRCP 15 filed | 02/24/2005 |
| All discovery requests and depositions completed | 07/24/2005 |
| All motions under MRCP 56 served and heard | 08/23/2005 |
| Final pre-trial conference held and firm trial date set | 09/22/2005 |
| Case disposed | 11/21/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session D sitting in **CtRm 2 (Lawrence) at Essex Superior Court.**

Dated: 09/28/2004

A TRUE COPY, ATTEST

*Paula T. Hichak*
DEPUTY ASS'T CLERK

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Philip Massa
Assistant Clerk

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 500476 inidoc01 mejiajos

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT

---

DAVID DEAN,                              )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )    Civil Action No. 04-1775
                                         )
LOWE'S HOME CENTERS, INC.,               )
                                         )
            Defendant.                   )
                                         )

---

## ASSENTED-TO MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Pursuant to Mass. R. Civ. P. 6(b), defendant Lowe's Home Centers respectfully moves the Court to extend the time in which Defendant may answer or otherwise respond to the Complaint to December 21, 2004. In support of this motion, Defendant states as follows:

1.    Defendant very recently retained counsel for this matter;

2.    Defendant and its counsel need additional time to investigate and prepare its responsive pleadings to the Complaint;

4.    Plaintiff has assented to this Motion; and

5.    This Motion is not intended to delay the proceedings in this matter.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

WHEREFORE, Defendants respectfully request that the Court extend the time in which

Defendant may answer or otherwise respond to the Complaint to December 21, 2004.

LOWE'S HOME CENTERS, INC.

By their attorneys,

David C. Casey (BBO # 77260)
Amy L. Nash (BBO # 647304)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000

Dated: November 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each other party by first-class mail on November 30, 2004.

Amy L. Nash

TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.

# COMMONWEALTH OF MASSACHUSETTS

ESSEX. ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-1775

.....David H. Dean.................................................................................................., Plaintiff(s)

v.

.................................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant: Lowe's Home Centers, Inc., 153 Andover St.
Danvers, MA 01923

You are hereby summoned and required to serve upon — Daniel C. Federico, Esq.

plaintiff's attorney, whose address is 60 VFW Parkway, Revere, MA 02151 , **an answer to**

complaint which is herewith served upon you, within 20 days after service of this summons upon you, **exclusive of the**

**day of service.** If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_Essex Superior Court_ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of  11/11  , in the year of our Lord two **thousand** 04

A TRUE COPY, ATTEST

_Thomas H. Driscoll Jr._

DEPUTY ASS'T CLERK

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for
   defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office



COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                      SUPERIOR COURT DEPARTMENT

DAVID H. DEAN,                          )
              Plaintiff,                )          CA No. 04-1775
v.                                      )
                                        )
LOWE'S HOME CENTERS, INC.,              )
              Defendant.                )

## NOTICE OF REMOVAL

The defendant, Lowe's Home Centers, Inc., hereby gives notice that it has filed in the

United States District Court for the District of Massachusetts a Petition for Removal, a certified

copy of which is attached hereto.

Respectfully submitted,

LOWE'S HOME CENTERS, INC.

By their attorneys,

David C. Casey (BBO # 77260)
Amy L. Nash (BBO # 647304)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000

FILED
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX
DEC 14 2004
CLERK

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the
plaintiff by mail on this 13th day of December 2004.

Amy L. Nash

Boston:5191.1 028756.1236



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| DAVID H. DEAN, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LOWE'S HOME CENTERS, INC., | ) |
| Defendant. | ) |

## PETITION FOR REMOVAL

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF MASSACHUSETTS

Lowe's Home Centers, Inc. ("Defendant"), through its undersigned counsel and pursuant

to 28 U.S.C. § 1441, hereby notices the removal of the above-captioned matter from the Essex

Superior Court, to the United States District Court for the District of Massachusetts.  In support

of removal, Defendant states as follows:

1.    The above-captioned matter was filed in the Essex Superior Court on or about

September 20, 2004.  Copies of the Summons, Civil Action Cover Sheet and Complaint are

attached to this Petition as Exhibit A and constitute all processes, pleadings and orders served

upon Defendant in this action to the present date.

2.    Defendant was served with the Complaint and Summons on or about November

11, 2004.

3.    This Petition for Removal is being filed within thirty (30) days after receipt by

Defendant of a copy of the Complaint and Summons by service and is timely filed under 28

U.S.C. §1446(b).

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

A TRUE COPY ATTEST

DEPUTY ASS'T CLERK

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

5

CIVIL DOCKET# **ESCV2004-01775**

Dean

vs.

Lowes Home Centers Inc

---

## ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court (S. Jane Haggerty, Justice)

Dated at Lawrence, Massachusetts this 22nd day of December, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:............................

Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

cvdremandc_1.wpd 516892 ortracas melnickp

MAS-20041213
melnickp

01/04/2005
11:02 AM

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

### ESCV2004-01775
### Dean v Lowes Home Centers Inc

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 09/27/2004 | **Status** | Disposed: transferred to other court (dtrans) | | | |
| **Status Date** | 12/14/2004 | **Session** | D - Civil-CtRm 2 (Lawrence) | | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 12/26/2004 | **Answer** | 02/24/2005 | **Rule12/19/20** | 02/24/2005 | |
| **Rule 15** | 02/24/2005 | **Discovery** | 07/24/2005 | **Rule 56** | 08/23/2005 | |
| **Final PTC** | 09/22/2005 | **Disposition** | 11/21/2005 | **Jury Trial** | Yes | |

#### PARTIES

**Plaintiff**
David H Dean
36 Sagamore Street
Lynn, MA 01901
Active 09/27/2004

**Private Counsel 567646**
Christopher S O'Connor
Rainer Walsh & O'Connor
60 VFW Parkway
Revere, MA 02151
Phone: 781-289-7900
Fax: 781-485-0624
Active 09/27/2004 Notify

**Defendant**
Lowes Home Centers Inc
153 Andover Street
Danvers, MA 01923
Served: 11/19/2004
Served (answr pending) 12/06/2004

**Private Counsel 647304**
Amy L Nash
LITTLER MENDELSON P.C.
1 International Place, Ste 2700
Boston, MA 02110
Phone: 617-378-6000
Fax: 617-737-0052
Active 12/02/2004 Notify

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 09/27/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 09/27/2004 | | Origin 1, Type B22, Track F. |
| 12/01/2004 | 2.0 | Defendant's assented to MOTION to extend time for filing an answer |
| 12/02/2004 | | MOTION (P#2) ALLOWED (S. Jane Haggerty, Justice) Notices mailed December 03, 2004 |
| 12/06/2004 | 3.0 | SERVICE RETURNED:  Lowes Home Centers Inc(Defendant) in hand to agent, person in charge at time of service |
| 12/14/2004 | 4.0 | Certified copy of Notice for Removal to the United States District Court filed by Lowes Home Centers Inc |
| 12/14/2004 | 5.0 | ORDER transferring case to United States District Court  (S. Jane Haggerty, Justice) |
| 12/14/2004 | | Case REMOVED this date to US District Court of Massachusetts |
| 12/14/2004 | | Case transferred to U.S. District  Court.  Original pleadings @LSC |

A TRUE COPY ATTEST

#### EVENTS