UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID H. DEAN,<br><br>      Plaintiff,<br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br><br>      Defendant. | CA No. 04-12605-mel |

### DEFENDANT'S REBUTTAL TO
### PLAINTIFF'S RULE 56 OPPOSITION

Dean's opposition rests on a single, unsupported conclusion: that his work environment "changed dramatically" for the worse after he complained about one isolated instance of co-worker misconduct. Distilled, he cites to two portions of the record to sustain this assertion. See Dean's Opposition Brief at pages 2 and 3. In fact, neither does so. Pages 51 and 52 of plaintiff's deposition say nothing about his work environment deteriorating after the November 8, 2001 incident. Nor do his interrogatory answers. Rather, Dean testified in the cited portion of his deposition that, in "maybe once" (Dean deposition at p. 50, line 21) complaining to Terry Johnson about the "returns" being left in front of his door, he did **not** indicate that he thought it involved mistreatment or retaliation. (Id. at p. 51, lines 13 and 17). Dean also conceded that he did not "care[] about the returns being placed in that area, [he] just wanted them **slightly** to the side of the door." (Id. at p. 52, lines 7-11).

Similarly, nothing in Exhibit 5 indicates that his office was "never used" before the incident. In any event, Dean's allegation that he subsequently found "trash on the floor and desk" is of no consequence for at least two reasons. First, he does not identify

who placed the trash there, whether they did so knowing of his complaint about Puccio, and whether they did so in retaliation for that protected activity. Second, he never complained to anyone about the it. Hence, it must not have been a significant problem. In any event, he provided management with no opportunity to remedy it.

Dean's case must be dismissed because he has advanced no evidence to support critical elements of his case. His Opposition does not contest that he was never bothered by Puccio after his complaint, and he identifies no one else who harassed or discriminated against him. See Exhibit 3 to Plaintiff's Opposition, Answer 11. Regarding his retaliation claim, Dean advances no evidence that his transfer or resignation were involuntary. More to the point, he proffers no evidence that they resulted from decisions by Lowe's which occurred **because** he complained once about a co-worker's conduct.

LOWE'S HOME CENTERS, INC.

By its attorneys,

David C. Casey (BBO # 77260)
Amy L. Nash (BBO # 647304)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000

Dated: June 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the plaintiff by mail on this 23rd day of June 2005.

David C. Casey