UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID H. DEAN,
    Plaintiff,

v.

LOWE'S HOME CENTERS, INC.,
    Defendant.

CA No. 04-12605-mel

### MEMORANDUM OF LAW IN SUPPORT OF
### LOWE'S MOTION FOR PROTECTIVE ORDER

Having moved for summary judgment, defendant Lowe's Home Centers, Inc. ("Lowe's") moves to prevent plaintiff David Dean ("plaintiff" or "Dean") from deposing Daniel Puccio or Frank Romano, currently noticed for August 12, 2005. Dean has not demonstrated under Rule 56(f), as he must, that these depositions likely will assist him in opposing Lowe's dispositive motion.[1] What is more, the time for discovery closes this Friday, July 15, 2005.

**I.    DEAN HAS MADE NO SHOWING THAT HE IS ENTITLED TO TAKE THE DEPOSITIONS OF ROMANO OR PUCCIO.**

On June 6, 2005, Lowe's filed its motion for summary judgment on both counts of plaintiff's complaint (for race discrimination and retaliation). Dean filed his Rule 56 opposition on June 20, 2005. In this context, Lowe's should not be put to the expense of further discovery unless Dean makes a sufficient proffer demonstrating his need for same.

---

[1] On June 15, 2005, David Casey, counsel for Lowe's, wrote Dean's counsel, Daniel Federico, to confer about the matters set forth in this motion. In his letter, Casey asked plaintiff to point to specific facts that he expected to elicit in the depositions of Puccio or Romano that would be material to the issues raised in Lowe's motion for summary judgment. On June 17, 2005, Federico replied to Casey's letter with a single sentence in an e-mail that, he "can see no basis for the protective order since both proposed deponents are material witnesses (*sic*) to both counts of the complaint."

Emmons v. McLaughlin, 874 F.2d 351 (6th Cir.1989) (party opposing summary judgment has no right to additional discovery and must establish basis for same pursuant to Rule 56(f)); Schneider v. Elko County Sheriff's Dep't., 17 F. Supp.2d 1162, 1163 (D. Nev. 1998) (same). Said differently, at this stage in the litigation, Dean is not entitled to a "fishing expedition." Fennell v. First Step Designs, Ltd., 83 F.3d 526, 533 (1st Cir. 1996). ("the court should consider not only whether the material actually exists, but the burdens and expenses entailed in obtaining the material" and the "the likelihood of discovering evidence" that is material to the summary judgment motion). Rather, Rule 56(f) permits the court to continue the hearing to allow for further discovery if, but only if, the opposing party submits an affidavit, "present[ing] a plausible basis for the [his] belief that facts exist that would likely suffice to raise a genuine and material issue." Morrissey v. The Boston Five Cents Savings Bank, 54 F.3d 27, 35 (1st Cir. 1995). The affidavit must establish that, "specified discoverable facts probably exist[]" and cannot "merely conjecture[] that something might be discovered [without a] realistic basis for believing that" the discovery sought would disclose information sufficient to create a material issue of fact. Mattoon v. City of Pittsfield, 980 F.2d 1, 8 (1st Cir. 1992) (finding the affidavit presented no facts showing that the discovery would disclose a material fact). "If the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553 (10th Cir. 1993).

Dean has filed no affidavit demonstrating a need for further discovery. This is not surprising because Lowe's motion for summary judgment is based almost entirely on Dean's admissions. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 269-70

(1968) (where plaintiff's evidence undermined its claims against a particular defendant, court affirmed the lower court's denial of additional discovery under Rule 56(f)).

### A. The Depositions of Puccio and Romano are Immaterial to Dean's Discrimination Claim.

Dean's race discrimination claim springs from a single, isolated allegation of co-worker harassment in which Dan Puccio placed a noose on plaintiff's desk. (Deposition of David Dean ("Pl. Dep"), pp. 63-64).[2] Lowe's motion for summary judgment on this claim turns on one question: whether, once it became aware of Puccio's conduct, Lowe's took immediate and effective action to stop it. Cerqueira v. Corning Net Optix, 2004 U.S. Dist. LEXIS 17308, *15-*16 (D. Mass. 2004); College-Town, Div. of Interco, Inc. v. Massachusetts Comm. Against Discrimination, 400 Mass. 156, 166-67 (1987). For his part, Dean has not shown under Rule 56(f) that deposing Puccio or Romano will yield any facts concerning the untimeliness or inadequacy of Lowe's response to Dean's complaint. Nor could he. Dean admitted that Lowe's investigated the incident, placed Puccio on "final" written warning, and immediately accepted Puccio's resignation (Pl. Dep., pp. 63-64; Exs. 3 and 4 to Pl. Dep.; Exs. C and E to the Affidavit of Amy Nash, ("Nash Aff.")). (Id.). Dean also admitted that he had no further contact or problems with Puccio thereafter. (Pl. Dep., pp. 63-64). Thus, Dean's testimony is dispositive on the discrimination claim; there is nothing Puccio or Romano can add that is legally relevant.

### B. The Depositions of Puccio and Romano Are Immaterial to Dean's Retaliation Claim.

Dean similarly has not established that the depositions of Romano or Puccio will likely reveal any specific, material facts concerning his retaliation claim. In this claim, Dean

---

[2] To avoid duplicative submissions, the deposition testimony and exhibits referred to herein were filed with Lowe's Motion for Summary Judgment on June 6, 2005.

alleged that, because he complained to management about Puccio's conduct on November 8, 2001, (i) employees placed returned merchandise ("returns") in front of the door to his work area, (ii) he received negative performance evaluations and written discipline, and (iii) he was transferred to the lawn and garden department.[3] To make the required showing under Rule 56(f), Dean must show that the deposition of Romano or Puccio likely will reveal a causal link between his complaint concerning Puccio's conduct and the incidents and supervisory decisions made by his manager, Robert Estes, referenced above. See Mole v. University of Massachusetts, 58 Mass. App. Ct. 29, 787 N.E.2d 1098, 1107 (2003) (reciting *prima facie* case). This he cannot do.

Dean admitted in his deposition that employees placed returned merchandise in front of the cage door before the November 8, 2001 incident. (Pl. Dep. pp. 60 and 105). Dean also admitted that, because he was responsible for processing "returns," his co-workers properly left them in his work area (Pl. Dep., p. 52), and that he has no idea which employees placed "returns" in front of the cage door or why they did so. (Pl. Dep., pp. 54-56). Dean also admitted that his supervisor, Robert Estes, was fair to him, that he agreed with each negative performance evaluation and written disciplinary warning he received, and that he agreed with his transfer to the lawn and garden department because he felt it would give him a fresh start at the store.[4] (Pl. Dep., pp. 77-78, 101-07, and 113-15). Thus, according to Dean's testimony, there is no basis to conclude that his co-workers or Estes

---

[3] Though Dean did not develop the following theory, the only other possible basis for his retaliation claim is that his manager in the Lawn and Garden department, Glen DesLauriers, harassed him into quitting by imposing an unpredictable work schedule. Dean advanced no evidence that DesLauriers knew of Dean's complaint against Puccio, that he was motivated by same in setting Dean's schedule, or that he actually set Dean's work schedule. (Affidavit of Robert Estes ("Estes Aff."), ¶¶ 19-22).

[4] The documents and testimony further establish that Dean's performance problems began before the November 8, 2001 incident involving Puccio. (Ex. 9 to Pl. Dep.; Pl. Dep. pp. 101-02). Finally, it is undisputed that Dean's rate of pay never decreased.

mistreated Dean in any respect, or that they said or did anything concerning Dean **because of** his protected activity.

For his part, Puccio resigned from employment at Lowe's on the day of the November 8, 2001 incident. Puccio therefore has nothing to add to facts material to the retaliation claim, all of which necessarily arose **after** Puccio's resignation. Romano, who was neither Dean's first nor second level manager, is in no position to contest the testimony of Estes or to refute the admissions of Dean. Absent a specific showing by Dean to the contrary, deposing Romano would be cumulative at best.

## II. CONCLUSION

Lowe's should not be required to incur the costs of defending the depositions of Messrs. Puccio or Romano without a showing from Dean that "specified [material] facts . . . probably exist" as to the discrete legal issues presented in Lowe's motion. Mattoon, 980 F.2d at 8. Dean has made no such demonstration, and Lowe's is entitled to a protective order.

LOWE'S HOME CENTERS, INC.

By its attorneys,

David C. Casey (BBO # 77260)
Amy L. Nash (BBO # 647104)
LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000

Dated: July 12, 2005

## CERTIFICATE UNDER LOCAL RULE 37.1

I hereby certify that the parties conferred to narrow the areas of disagreement to the greatest possible extent. The particulars of the discussions between the parties are outlined in footnote 1, herein.

_____
David C. Casey

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the plaintiff by mail on this 12th day of July 2005.

_____
David C. Casey