UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-1265-mel

|  |  |
|---|---|
| DAVID DEAN,<br>　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THE PLAINTIFF'S MOTION IN OPPOSITION TO THE DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Now Comes the Plaintiff, David Dean, who moves that this Honorable Court deny the defendant's Motion for a Protective Order for the reasons stated herein:

In this matter the plaintiff has alleged in his Complaint that the defendant, Lowe's, discriminated against him on the basis of race by tolerating a hostile work environment resulting in a Lowe's employee placing a noose on his work desk. Thereafter, Lowe's failed to address the hostile work environment, and retaliated against Dean effectively terminating his employment. The plaintiff has conducted written discovery and has deposed a Lowe's employee, an assistant store manager, Mr. Robert Estes. For the following reasons, Mr. Dean seeks to depose former or current Lowe's employees Daniel Puccio and Frank Romano, currently scheduled for August 12, 2005.

1. Pursuant to Federal Rule 26 any parties may conduct discovery that is reasonably calculated to lead to the discovery of evidence which may be admissible at trial. Rule 26 does not require that parties provide "material facts" as a justification for discovery. The Rule 56(f) requirement of support in affidavits is not required here, since the plaintiff has opposed the Summary Judgment Motion of the Defendant with relevant evidence from depositions and pleadings raising genuine factual issues. Nonetheless, the plaintiff submits an affidavit of counsel attached hereto pointing out relevant and material facts which will be elicited from discovery. Federal Rule of Civil Procedure 26(f). The defendant has failed to show good cause for the protective order. Prozina Shipping Co. Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41 (D. Mass. 1998).

2. Prior to filing this motion, the defendant never objected to the timing of the depositions. Mr. Puccio and Mr. Romano were scheduled to be deposed on June 24. Due to a scheduling conflict the plaintiff needed to reschedule the depositions for August 12,

which was the next available date. Previously, the plaintiff postponed the deposition of Mr. Puccio and Mr. Romano at the request of the defendant on April 14, 2005.

Wherefore the above stated reasons the plaintiff respectfully requests that this Honorable Court deny the defendant's motion.

By Plaintiff's Attorney,

RAINER & O'CONNOR, LLP
Daniel C. Federico
B.B.O. #645717
60 V.F.W. Parkway
Revere, Massachusetts 02151
(781) 289-7900