UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-1265-mel

)
**DAVID DEAN,**          )
    **Plaintiff,**      )
                                       )
**v.**                   )
                                       )
**LOWE'S HOME CENTERS, INC.** )
    **Defendant.**      )
_____)

## AFFIDAVIT OF DANIEL C. FEDERICO

I, Daniel C. Federico, BBO # 645717, hereby depose and state as follows:

1. I am a member in good standing of the Bar of the Commonwealth of Massachusetts, and the Federal Bar, District of Boston, Massachusetts, practicing at the offices of Rainer & O'Connor, 60 VFW Parkway, Revere, MA 02151, Tel (781) 289-7900.

2. Based on discovery conducted to date, including the deposition of Robert Estes, Lowe's manager, the plaintiff will, more likely than not, discover material facts through the depositions of Daniel Puccio and Frank Romano for the following reasons:

    a. Daniel Puccio was the Lowe's employee who admitted to constructing and placing the hangman's noose on the plaintiff's desk. Discovery is needed to determine whether Mr. Puccio was seen by other employees and/or management while he was constructing the noose. Mr. Dean is entitled to know if the noose was made of material owned by Lowe's. These and similar facts would tend to show that Lowe's had knowledge before the noose incident itself. Mr. Puccio will also provide testimony as to the work atmosphere and attitudes toward a multi racial workplace. Mr. Puccio will provide testimony concerning his further employment with Lowe's after the incident, which is a disputed material fact at this time and related to the retaliation and hostile work environment claim.

    b. Mr. Romano, a manager identified by Mr. Estes as having involvement with the noose incident and its aftermath, will provide testimony as to his knowledge of the noose incident, both before and after the event. David Dean is entitled to

discovery as to whether Mr. Romano followed company policy and the law before and after the event. According to the deposition testimony of Mr. Estes, Mr. Romano was more involved in the direct response by Lowe's to this incident, than was Mr. Estes.

Singed under the penalties of perjury this 25 day of July, 2005.

_____
Daniel C. Federico

## CERTIFICATE OF SERVICE

    I, Daniel C. Federico, do hereby certify that I have on July 25, 2005 served a copy of the Plaintiff's Motion in Opposition to the Defendant's Motion for a Protective Order and Affidavit of Daniel C. Federico by filing notice via first class mail, postage pre-paid, on the following:

David C. Casey, Esq.
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110